# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1634 | **DATE** | March 12, 2012 |
| **CASE TITLE** | Kevin D. Gloster (#2011-1026090) vs. Defendant Normon, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. However, the complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state an actionable federal claim. The case is terminated. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to make deductions from Plaintiff's account and payments to the Clerk of Court as stated herein. The Clerk is directed to mail a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]    Docketing to mail notices.

## STATEMENT

Plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. Plaintiff sues his former employers at a Chicago restaurant, claiming that he was subjected to unwanted sexual advances by a chef, and that the owner and manager failed to follow through on promises to rectify the matter.

The Court finds that Plaintiff is unable to prepay the filing fee. The Court accordingly grants Plaintiff's motion for leave to proceed *in forma pauperis*. Because Plaintiff has a zero balance in his inmate trust account and no deposits in the six months preceding the initiation of this lawsuit, the initial partial filing fee is waived pursuant to 28 U.S.C. §1915(b)(4). However, the trust officer at Plaintiff's place of incarceration is authorized and ordered to begin collecting monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account toward payment of the statutory filing fee. *See* 28 U.S.C. §1915(b)(2). Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the account balance exceeds $10 until the full $350 filing fee is paid. *Id.* All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. This payment obligation will follow Plaintiff in the event of his transfer to another correctional facility.

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

However, under 28 U.S.C. § 1915A, the Court is required to dismiss a suit brought by a prisoner against a governmental officer or entity at any time if the Court determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, even accepting Plaintiff's factual allegations as true, the Court finds that the complaint fails to state an actionable federal claim as a matter of law.

Although Plaintiff purports to sue under the Civil Rights Act, the Court discerns no viable cause of action under that statute. In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *See, e.g., Parker v. Franklin County Community School Corp.*, 667 F.3d 910, 925 (7th Cir. 2012). In this case, is attempting to sue his private employer for sexual harassment. Defendants are not state officials, and Plaintiff's claim involves no constitutional right.

The Court discerns no alternative basis for federal jurisdiction, such as diversity of citizenship between the parties or the implication of another federal statute. Plaintiff potentially could have a cause of action in federal court under Title VII, 42 U.S.C. § 2000e, but only if he first exhausts his administrative remedies with the Equal Employment Opportunity Commission and obtains a right-to-sue letter from the EEOC. [Because the complaint is devoid of dates, the Court cannot determine whether an EEOC charge would be timely.] If, on the other hand, Plaintiff wishes to sue Defendants under Illinois tort law, he must do so in state court.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal Court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."